UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1586-GW(Ex) | Date | April 23, 2018 |
|---|---|---|---|
| Title | *Yakov Litinetsky v. Caliber Home Loans, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Katie Thibodeaux | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Nicholas H. Van Parys | Aaron Robert Goldstein |

**PROCEEDINGS:** PLAINTIFF'S MOTION TO REMAND [11]

The Court's Tentative Ruling is circulated and attached hereto. Court hears oral argument. For reasons stated on the record, Plaintiff's Motion is TAKEN UNDER SUBMISSION and continued to April 30, 2018 at 8:30 a.m. Counsel are to file a joint status report re settlement by noon on April 27, 2018.

: 07

Initials of Preparer JG

<u>*Litinetsky v. Caliber Home Loans, Inc., et al.*</u>; Case No. 2:18-cv-01586-GW-(Ex)
Tentative Ruling on Motion to Remand

**I. Background**

  Plaintiff Yakov Litinetsky, individually and as trustee of the Litinetsky Family Trust of 2004, sued Defendants Caliber Home Loans, Inc. ("Caliber"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Quality Loan Service Corp. ("Quality") alleging six causes of action: 1) breach of Homeowners' Bill of Rights ("HBOR"), in violation of Cal. Civ. Code §§ 2924.18, 2923.5; 2) breach of oral contract; 3) breach of the covenant of good faith and fair dealing; 4) unfair and deceptive acts and practices, in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"); 5) negligent misrepresentation; and 6) for injunctive relief. *See generally* Complaint, Docket No. 1 at 23-34 of 47. Plaintiff brought the action in the Superior Court of California, County of Ventura on October 12, 2017. *See id.* Plaintiff's Complaint alleged that Plaintiff owns property in Oxnard, California, purchased with the proceeds of a $1,658,000 loan issued by Washington Mutual Bank, F.A. ("Washington Mutual"). *Id.* ¶ 6. Caliber is the successor in interest to Washington Mutual. *Id.* From 2010 to 2017, Plaintiff sought a loan modification with Caliber. *Id.* Caliber has "delayed, lost documents, asserted absurd positions that do not fit their [sic] own guidelines, asserted unduly rigid guidelines (i.e., that they can only allow one dollar of income in addition to rental income as the income available to pay the mortgage) and otherwise caused difficulty in processing Plaintiff's loan modification application." *Id.* ¶ 7. Plaintiff's Complaint prayed for "damages in excess of $2,000,000, according to proof," amongst other relief in law and equity. *Id.* at 11.

  On February 7, 2018, Quality filed a declaration of nonmonetary status with the Superior Court, pursuant to Cal. Civ. Code § 2924*l*. *See* Declaration of Nonmonetary Status ("DNS"), Docket No. 1 at 37-43 of 47. No objections were filed to Quality's DNS. On February 27, 2018, Caliber removed the lawsuit to this Court, invoking its diversity jurisdiction. *See generally* Notice of Removal ("NOR"), Docket No. 1 at 1-9 of 47. Nearly one month later, on March 22, 2018, Plaintiff filed a First Amended Complaint ("FAC"). *See* Docket No. 10. Plaintiff's FAC was filed more than 21 days after the Complaint was served on Defendants and before any responded to the FAC. Accordingly, Plaintiff was not permitted to amend as a matter of course pursuant to Federal Rule of Civil Procedure ("Rule") 15(a)(1). Additionally, Plaintiff did not obtain written consent of the Defendants or leave of the Court to amend pursuant to Rule

1

15(a)(2). Notwithstanding Plaintiff's failure to comply with the Rule, the Court will consider the FAC as the operative complaint as Defendants did not move to strike the FAC or otherwise raise the issue in opposing Plaintiff's attempt to remand.

The FAC adds a defendant (*i.e.* U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust), and alleges ten causes of action: 1) unlawfully recording a notice of default or notice of trustee's sale, in violation of Cal. Civ. Code § 2923.55; 2) unlawful denial of a loan modification application, in violation of Cal. Civ. Code § 2923.12; 3) myriad violations of Cal. Civ. Code § 2923.7 relating to the processing of Plaintiff's loan modification application; 4) failing to notify Plaintiff of foreclosure prevention alternatives within five days of recording a notice of default, in violation of Cal. Civ. Code § 2924.9; 5) failing to provide information relating to the loan modification process required by Cal. Civ. Code § 2924.10; 6) unlawfully recording a notice of default or notice of trustee's sale, in violation of Cal. Civ. Code § 2924.17; 7) unfair business practices, in violation of the UCL; 8) breach of implied covenant of good faith and fair dealing; 9) for declaratory relief; and 10) negligence. *See generally id.* Plaintiff now prays for "[g]eneral damages in a sum according to proof against all Defendants in excess of $25,000." *Id.* at 38.

Two days after filing the FAC, Plaintiff moved to remand the case back to the Superior Court. *See generally* Motion to Remand ("Motion"), Docket No. 11. Caliber opposes. *See generally* Opposition to Motion ("Opp'n"), Docket No. 14. Plaintiff did not file a reply to Caliber's Opp'n within the time provided by the Local Rules. *See* C.D. Cal. L.R. 7-10 ("A moving party may, not later than fourteen (14) days before the date designated for the hearing of the motion, serve and file a reply memorandum, and declarations or other rebuttal evidence.").

## II. Legal Standard

"Federal courts are courts of limited jurisdiction," and have subject matter jurisdiction only to the extent "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)).

28 U.S.C. § 1441 permits a defendant to remove certain civil actions brought in a state

court to federal district courts. The removal statute is strictly construed against removal jurisdiction, however, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "Generally, [a] defendant has the right to invoke federal removal jurisdiction if the case *could* have been filed originally in federal court (*i.e.* on diversity or federal question grounds)." O'Connell & Stevenson, *Rutter Group Prac. Guide: Federal Civ. Proc. Before Trial* ("*Federal Practice Guide*") § 2:2192 at 2D-4 (emphasis in original); *see also Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977). Federal district courts have original jurisdiction in actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" between citizens of different states. 28 U.S.C. § 1331(a)(1).

The amount in controversy is determined from the allegations or prayer of the complaint. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Additionally, the amount in controversy "is determined at the *time the action is commenced*. Subsequent amendments to the complaint, or dismissal of certain claims, reducing the demand to below $75,000, do not ordinarily oust diversity jurisdiction − as long as the original demand was made in 'good faith.'" *Federal Practice Guide* § 2:1799 at 2C-90 (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 294-96); *see also Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) ("A claim made in excess of the requisite amount, made in good faith in the complaint, satisfies the jurisdictional requirement. Events occurring after the filing of the complaint that reduce the amount recoverable below the requisite amount do not oust the court from jurisdiction.") (citations omitted).

**III. Discussion**

Plaintiff argues that the Court "does not have jurisdiction over this matter because Plaintiff's damages do not exceed the jurisdictional amount of $75,000." Motion at 3. Plaintiff's argument is based on the fact that the FAC significantly decreases the monetary relief sought by the Complaint. *See id.* ("Defendants contend the amount in controversy is satisfied because the amount of Plaintiff's damages as stated in the Complaint is $2,000,000. However, since then Plaintiff has filed a FAC."). Plaintiff's argument that the Court should remand based on his amended pleading is without merit. "[P]ost-removal amendments to the pleadings cannot affect

3

whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." *See Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006). The Complaint clearly sought "damages in excess of $2,000,000, according to proof," amongst other relief in law and equity. Complaint at 11. The Complaint's prayer thus satisfied the amount in controversy, unless of course Plaintiff would admit that the demand was not made in good faith. *See Federal Practice Guide* § 2:1799. The case Plaintiff relies upon and provides to the Court is inapposite. *See* Docket No. 11-3. Judge Josephine Staton did remand in *Mauriss v. JPMorgan Chase Bank*, Case No. 8:17-cv-678-JLS-(JDEx). *See id.* However, in that case the plaintiff's complaint sought damages of $25,000 and was not amended in an attempt to evade federal jurisdiction. *See Mauriss* Complaint, Case No. 8:17-cv-678-JLS-(JDEx) Docket No. 1-2 at 57 of 66.

In addition to arguing that the amount in controversy isn't satisfied, Plaintiff argues that the case should be remanded because complete diversity of citizenship does not exist. *See* Motion at 5. Plaintiff is a citizen of California. *See* NOR ¶ 11(a); *see also* FAC ¶ 1 (Plaintiff "resid[es] in real property . . . [in] Oxnard, California.").[1] Quality is also a citizen of California. *See* FAC ¶ 3. In removing this case, Caliber asserted that Quality is a nominal or fraudulently joined defendant that should be disregarded in determining if diversity exists. *See* NOR ¶ 11(d). In support of its assertion that Quality is a nominal defendant, Caliber states that Quality filed its DNS in the Superior Court and Plaintiff did not object. *See id*; *see also* DNS, Docket No. 1 at 37-43 of 47. Thus, in accordance with Cal. Civil Code § 2924*l*(d), Quality became a nominal defendant on March 14, 2018− fifteen days after it filed its DNS. Courts in this judicial district routinely find that such defendants are nominal in these circumstances. *See, e.g.*, *Reyes v. Wells Fargo Bank, N.A.*, Case No. 17-cv-0909-JFW, 2017 WL 2974920, at *2 (C.D. Cal. July 11, 2017) ("Because [defendant] filed a Declaration of Non-Monetary Status in San Bernardino Superior Court and plaintiff did not timely object, [defendant] obtained nominal third party status."); *Bailey v. Specialized Loan Servicing, LLC*, Case No. 16-0447-JGB, 2017 WL 2664146, at *2 (C.D. Cal. June 20, 2017) ("Since [defendant] filed its [declaration of non-monetary status] and obtained nonmonetary status prior to removal because plaintiff did not timely oppose, the Court finds [defendant] was transformed into a nominal third party, no longer required to

---

[1] Curiously, the Complaint alleged that Plaintiff "resid[es] in San Francisco and Placer Counties, State of California." Complaint ¶ 1.

participate in this action."). Plaintiff cites *Lawrence v. Aurora Loan Services, LLC*, Case No. 09-cv-1598-LJO, 2010 WL 449734, *4 (E.D. Cal. Feb. 8, 2010), and argues that the court there found a defendant was not a nominal party despite the fact that it filed a declaration of nonmonetary status. *See* Motion at 5. But the *Lawrence* court found precisely the opposite: "[p]laintiffs do not explain why they could not serve objections on the trustee and/or file them in this court.² Accordingly, at the time of removal, [defendant] was essentially a nominal party and could be disregarded for purposes of diversity jurisdiction." *Id.*

Finally, Plaintiff argues that the Court should consider Quality's citizenship notwithstanding its DNS because "Plaintiff does allege wrongdoing by" Quality. Motion at 6. As a threshold matter, if Plaintiff truly believes that Quality is liable for its own misconduct, he should have objected to the DNS. *See* Cal. Civil Code § 2924*l*(d). Moreover, Plaintiff supports this argument with citations to the FAC, which was not the operative complaint at the time of removal. *See* Motion at 6. But even should the Court consider the allegations contained within the FAC, Plaintiff fails to allege any facts that plausibly suggest wrongdoing by Quality. Plaintiff alleges that on or about December 18, 2015, Quality filed a notice of trustee sale. *See* FAC ¶ 31. Plaintiff additionally alleges that he "has made several requests for a breakdown of interest and other charges" but that Caliber, Quality, and U.S. Bank have failed to provide a written response. *See id.* ¶ 33. Those are the only two factual allegations that specifically reference Quality. Plaintiff does not allege any additional facts that would demonstrate that Quality was at fault in filing the December 18, 2015 notice. Nor does Plaintiff allege facts that would demonstrate that he was owed a response to his "several requests" *from* Quality, such that the Court would find it somehow at fault for failing to respond. The Court would thus reject Plaintiff's argument that Quality's actions - as alleged in the FAC - somehow demonstrate wrongdoing on its part.

## IV. Conclusion

Based on the foregoing discussion, the Court would deny the Motion. Because the Court would deny the Motion, it does not consider Plaintiff's request for attorneys' fees.

---

² This Court previously questioned the wisdom of the *Lawrence* analysis because it concludes that the defendant was a nominal party despite the fact that fifteen days did not elapse from the time the nominal defendant filed its declaration of non-monetary status and when the case was removed to federal court. *See Hong Mei Yuan v. Wells Fargo*, Case No. 11-cv-0663-GW, 2011 WL 13225136, at *2 (C.D. Cal. July 28, 2011). That issue is not present here as Caliber removed more than fifteen days after Quality filed its DNS. *See* NOR ¶ 5 ("[T]his action became removable on February 22, 2018, after the fifteen-day period for objections to the [DNS] expired and when [Quality] became a nominal party.").